# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

Charles R. Fulbruge III
Clerk

No. 09-40097
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERMAN ORLANDO LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-662-1

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

German Orlando Lopez appeals the sentence imposed following his conviction of one charge of illegal reentry into the United States. Lopez argues that his sentence is procedurally unreasonable because the district court failed to properly weigh the sentencing factors found in 18 U.S.C. § 3553(a) and that his sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals of § 3553(a). He also argues, for the purpose of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

preserving the issue for possible Supreme Court review, that his within-guidelines sentence should not be presumed reasonable because U.S.S.G. § 2L1.2 is not empirically based and is penologically flawed. This argument is, as he concedes, unavailing under our prior jurisprudence. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), *cert. denied*, 2009 WL 3162196 (Oct. 5, 2009) (No. 09-6195); *see also United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir. 2009), *cert. denied,* 2009 WL 1849974 (Oct. 5, 2009) (No. 08-11099). His remaining arguments are likewise unavailing.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38 (2007), we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error." *Id.* at 752-53. If there is no such error, we then review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* at 751-53. Lopez's argument concerning the procedural unreasonableness of his sentence was not presented to the district court and thus is reviewed for plain error only. *See Mondragon-Santiago,* 564 F.3d at 361.

Lopez's arguments amount to a disagreement with the district court's weighing of the § 3553(a) factors and the appropriateness of his within-guidelines sentence. He has not shown that his sentence was either procedurally or substantively unreasonable, nor has he rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Armstrong*, 550 F.3d 382, 405 (5th Cir. 2008); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.